Thompson *v.* Thompson.

———— •◦• ————

MARY E. THOMPSON and others *vs.* EDWARD G. THOMPSON.

A testator, by his will, gave to each of his children one of the shares into which he had directed his estate to be divided, the interest and income of which was to be applied to their support and education during their minority, and upon his son or sons, respectively, arriving at the age of 21 years, their shares were to be paid over to them. The will then directed that the principal sums bequeathed and devised to his children should *vest in them,* respectively, when and as they should respectively arrive at *the age of twenty-one,* and *not before;* provided that if either of his children should die before attaining the age of 21, leaving issue, such issue should stand in its parent's place, had the latter lived to attain the age of 21. In case of the extinction of all the lineal descendants of the testator at any time before all or any of his estate so devised should have vested in interest, the testator gave the same, or so much as might not then have vested in interest, to his father, if living; if not, then to his uncle, if living; if not, then to the heirs male of his uncle. The entire estate left by the testator consisted of personal property. He died in July, 1835, leaving a widow, a daughter C., and two sons, A. F. and E. G. The said A. F. died in April, 1846, aged nearly thirteen years, and leaving no issue. C. the daughter, and E. G. the other son, were now each of the age of 21 years and upwards. The widow of the testator was still living.

*Held,* 1. That the share of A. F. vested in him, *in interest,* on the death of the testator; and that having so vested on his death without issue, the same was to be distributed in equal shares to his mother and surviving brother and sister, under the statute of distributions; to take and hold absolutely, in their own right.

2. That by the declaration, in the will, that the principal sums bequeathed to the children should vest in them, respectively, when and as they should arrive at the age of 21, and not before, the testator must be presumed to have meant *vest in possession.*

Thompson *v.* Thompson.

3. That the limitation over to the father, and uncle of the testator, and in case of the uncle's death to the male heirs of the uncle, by its very terms could not take effect until after the expiration of three lives in being at the death of the testator, and was therefore void.

THIS case was submitted, for the construction of the will of the late Edward G. Thompson. The testator, by his will, after directing the sum of $3000 to be appropriated out of his estate, by his executors and trustees, for the support and maintenance of his wife and children, and the education of his children, for and during the first year after his decease, further orders and directs, that at the expiration of one year after his decease, his whole estate shall be divided into a number of shares, greater by one than the number of children whom he should leave him surviving; that his executors and trustees should set apart one of said shares, and hold and invest the same, and pay over the interest and income thereof, to his wife during her life, or so long as she should remain his widow, and no longer. He then gives, devises and bequeaths to each of his children who might survive him one of the shares; and in case his wife should die before him, or if she should survive him, then upon her death or re-marriage, he gives the share so directed to be set apart for her use, to any son or sons who should survive him, share and share alike. In relation to the share or shares of the sons, the testator directs his executors and trustees to hold, invest and improve the same, and the surplus accumulations thereof, and out of the interest and income of their respective shares to pay such amount or amounts as may be necessary or proper for the maintenance and support of the sons respectively, and for his or their education for any profession or occupation which he or they may respectively choose, after he or they shall have respectively attained the age of fourteen years. And upon his son or sons respectively arriving at the age of 21 years, the testator directs that his executors and trustees shall pay over to his sons their respective shares, to be thenceforth had and holden by them and their respective heirs, executors and administrators forever.

The testator directs the share or shares of his daughter or daughters to be held by his executors and trustees, in trust for them respectively, as follows : until their marriage or arrival at the age of 21 to pay out of the interest and income of their respective shares, such amount or amounts as shall be necessary or proper for their maintenance, support and education in a respectable and proper manner ; the surplus of such interest or income to be added to her or their respective shares, and to be subject to the same trusts as are therein declared with regard to the principal ; and when, and as, his daughter or daughters attain the age of 21 years, or marry, during the residue of their respective lives, to pay to her or them respectively, for her or their respective sole and separate use, the income and interest of their respective shares and of any surplus accumulations thereof. Upon the death of his daughter or daughters respectively, to pay over their respective shares or portions, and the surplus accumulations thereof, to such person or persons, and in such proportions and shares, and for such estate, and under such limitations and restrictions as she or they shall respectively, by any instrument in writing executed in the presence of two subscribing witnesses, in the nature of a last will and testament, order, limit or appoint ; but such appointment shall be in favor of their respective issue only, if they die leaving issue ; and if they die without leaving issue, such appointment must be in favor of some one or more of the lineal descendants of the testator ; and if his daughter or daughters should die without having exercised the power of appointment at all, or in the manner authorized, their shares, with the accumulations thereof, are to be paid over to their issue respectively ; and upon the death of a daughter without issue, and without having exercised the power of appointment, then her or their respective shares shall fall into and form a part of the residuary estate. The testator then directs his executors to invest all and every the sum or sums, directed to be held and invested by them, in bonds and mortgages, or public or private stocks within the state of New

Thompson *v.* Thompson.

York, or in stocks of the United States; and declares that the principal sums bequeathed and devised to his children shall vest in them respectively, when and as they respectively arrive at the age of 21 years and not before; provided that if any of his children should die before attaining the age of 21, leaving lawful issue, such issue shall stand in the place his or their parent would have been entitled to, had the parent lived to attain the age of 21 years; and in case of the extinction of all the lineal descendants of the testator, at any time before *all or any of his estate* so devised and bequeathed shall have vested in interest, the testator gives the same, or so much as may not then have vested in interest, to his father, Abraham G. Thompson, if living; if not, then to his uncle Jonathan Thompson, if living; if not, then to the heirs male of his uncle Jonathan Thompson. The testator appoints his father, Abraham G. Thompson, and four others named in the will, executors and trustees.

The testator died July 23d, 1835, leaving him surviving his widow, Mary E. Thompson, his daughter Cornelia, now Mrs. Pennoyer, and two sons, Augustus Frederick, and Edward G. Thompson the defendant. The said Augustus Frederick died on the 22d day of April, 1846, aged twelve years and eleven months, leaving no widow and no children or representative of a child. His mother survived him and is now living. The said Cornelia Pennoyer and Edward G. Thompson are each of the age of 21 years and upwards, and the only brother and sister of the said Augustus Frederick. The said Cornelia has three children now living, her lawful issue by a former husband, Thomas E. Quimby deceased; all of whom are infants under the age of 21 years; and has no other lawful issue now living.

The entire estate left by the testator consisted of personal property.

The bequest to his wife of the income of one share of his estate, during her life or re-marriage, is declared by the testator to be in full satisfaction and in lieu of her dower and

Thompson *v.* Thompson.

distributive share in his estate; and she accepted such provision in full satisfaction of her dower and distributive share in the estate.

The questions arising upon the above state of facts were:

1. To whom is the share of the estate, which would have belonged to Augustus Frederick had he lived, now to be distributed?

2. In what proportions is such distribution to be made, and are the distributees to take the same in their own · right severally, or how otherwise?

*C. A. Seward,* for Mary E. Thompson and C. R. Pennoyer.

*E. P. Cowles,* for E. H. Quimby and others.

*Samuel Blatchford,* for E. G. Thompson, trustee, &c.

*By the Court,* SUTHERLAND, J. I suppose the share or legacy of Augustus Frederick vested in him in interest on the death of the testator, notwithstanding the declaration in the will, that the principal sums bequeathed to the children should vest in them respectively, when and as they should respectively arrive at the age of 21 years, and not before; and that having so vested, on his death without issue, the same is to be distributed in equal shares to his mother and surviving brother and sister, under the statute for the distribution of the estates of intestates, to take and hold absolutely in their own right.

By the declaration in the will, that the principal sums bequeathed to the children shall vest in them respectively when and as they arrive at the age of 21 years, and not before, the testator must be presumed to have meant, *vest in possession.* Such declaration thus construed, is consistent with the vesting of the shares in interest in the testator's sons on his death; and so is the declaration, that in case any of the children of the testator should die before arriving at the age of 21 years leaving issue, such issue shall stand in the place of the deceased

Thompson *v.* Thompson.

parent; for the statute for the distribution of the estates of intestates would place such issue in the same position.

There is no limitation over of the sons' shares in case of their death without issue, except the limitation over to the father of the testator, if living; in case of his death, to the uncle of the testator; in case of his death, to the male heirs of the uncle, upon the extinction of *all* the lineal descendants of the testator at any time before *all* or *any* of the estate devised and bequeathed shall have vested in interest.

This limitation over, by its very terms, could not take effect until after the expiration of three lives in being at the death of the testator, and is therefore void. If valid, I do not see why it would not suspend the absolute ownership of the share of Augustus Frederick for the further term of the lives of his surviving brother and sister.

I at first thought that the share of Augustus Frederick was to be distributed, as a reversion undisposed of by the testator, on the death of Augustus Frederick without issue; but upon the whole, I think the direct absolute bequest to him of his share, without any valid limitation over, except perhaps to his issue, in case of his death leaving issue, must control; and that the above is the better and more correct construction of the will, so far as the construction of the will is called for by the questions submitted to us.

I do not however think these questions so free from doubt as to have entirely justified eminent counsel in submitting this case to us without argument, or even points.

[NEW YORK GENERAL TERM, October 2, 1858. *Davies, Ingraham* and *Sutherland.* Justices.]